IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEPHANIE DARROUGH                                                                                          PLAINTIFF

vs.                                              Civil No. 1:20-cv-01031

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                            DEFENDANT

**ORDER**

Pending now before the Court is Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b). ECF No. 32. Defendant has responded to this Motion and raises no objections to this Motion. ECF No. 33. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. This Motion is now ripe for consideration.

1.   **Background:**

On July 16, 2020, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On May 4, 2021, Plaintiff's case was reversed and remanded to the SSA for further administrative review. ECF No. 26, 27.

After that remand, Plaintiff was awarded disability benefits. ECF No. 32. Plaintiff was awarded $52,055.00 in past-due benefits. *Id.* Of that amount, Plaintiff's attorney claims he is entitled to twenty-five percent of that award or $13,013.75 in attorney's fees. *Id.*

2.   **Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee

for the representation of the claimant before the court.  This fee must not be in excess of twenty-five percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB.  *See id.*  However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI.  *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level.  *See* 42 U.S.C. § 406(b)(1).  It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts.  *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts").  Instead, a plaintiff's attorney must petition the agency for these fees.  *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied.  *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).  The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate.  *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).  Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded.  *Id.* at 808.

Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

3. **Discussion:**

Based upon his itemized bill, Plaintiff's attorney spent 37.20 hours of work devoted to representing Plaintiff before the district court. ECF No. 32. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to twenty-five percent of past-due benefits. *Id.* That amount totals $13,013.75. *Id.*

The total request of $13,013.75 divided by the total number of hours requested of 37.20 for work performed before the district court equals an hourly rate of approximately $349.83. Based upon the experience of Plaintiff's attorney and the contingency fee agreement between Plaintiff and his attorney, this Court finds $349.83 is a reasonable hourly rate. *See Gisbrecht,* 535 U.S. at 793. Thus, the Court awards the entire requested amount of $13,013.75.[1]

4. **Conclusion:**

Pursuant to 42 U.S.C. § 406(b), the Court awards the requested attorney's fees in the amount of **$13,013.75**. This amount represents 37.20 court-related hours at an hourly rate of approximately $349.83. Further, the Court also directs Plaintiff's counsel to refund to Plaintiff the amount of $8,088.15, which was previously awarded under the EAJA.

---

[1] The total fees sought are $13,013.75. Plaintiff's Motion states that, "The Court previously awarded an attorney fee under the Equal Access to Justice Act (hereinafter "EAJA") in the amount of $8,088.15." ECF No. 32, Pg. 11. Plaintiff's attorneys then request payment of net amount of additional attorney fees of $4,925.60. *Id.* This is referred too as the "netting method." Although this method is permissible under § 406(b)(1), the Court declines to follow this method in light of the language of § 406(b) that anticipates an attorney-to-claimant refund of the smaller fee.

**ENTERED this 18th day of October 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4